IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KELLE KEY, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING LLC, *et al.*, <br><br> Defendants. | 2:23-CV-082-Z-BR |

**ORDER**

Before the Court are Plaintiff's various notices of settlement, notices of dismissal, and stipulations of dismissal. Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(i) or 41 (a)(1)(A)(ii), as appropriate, Plaintiff has properly dismissed each of the Defendants with prejudice. *See* ECF Nos. 29, 30, 32, 36, 38.

Both a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) and a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) are "self-effectuating" such that "no order or other action of the district court is required." *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015); *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 369 n.1 (5th Cir. 2004). Thus, an order of this Court "approving the dismissal is of no consequence." *Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 82 (5th Cir. 1995); *In re Amerijet Intern.*, 785 F.3d at 967 ("After the notice of voluntary dismissal is filed, the district court loses jurisdiction over the case."); *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018) ("A stipulation of dismissal . . . strips the district court of subject matter jurisdiction.").

Therefore, the Court **DIRECTS** the Clerk of the Court to close the case.

**SO ORDERED**.

November 13, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE